J-A17029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KYLEONE ROSCOE | : | |
| | : | |
| Appellant | : | No. 1975 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 14, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004698-2018

BEFORE: McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:            **FILED AUGUST 10, 2021**

Appellant, Kyleone Roscoe, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for rape, unlawful restraint, sexual assault, corruption of a minor, and indecent assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 17, 2018, Appellant invited 17-year-old V.S. ("Victim") to his home before she went to school.  Appellant told Victim he wanted to make her his "baby's mom," and asked if she liked being choked.  Appellant then pulled Victim into a bear hug and, when she struggled, forced her into a kneeling

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 2902(a)(1), 3124.1, 6301(a)(1), 3126(a)(2), respectively.

position on the bed. Appellant restrained Victim, pulled her pants down, and inserted his penis into her vagina despite that Victim told him "no." At trial, Appellant claimed that Victim consented to the sexual encounter.

On November 26, 2019, following a bench trial, the court convicted Appellant of rape, unlawful restraint, sexual assault, corruption of a minor, and indecent assault. The court sentenced Appellant on August 14, 2020, to an aggregate term of 4 to 8 years' incarceration and a concurrent term of probation.

On August 28, 2020, Appellant filed a post sentence motion, arguing his sentence was excessive and unreasonable, did not adequately consider Appellant's rehabilitative needs, and failed to adequately state a reason for the sentence. The trial court denied the motion on September 10, 2020. Appellant filed a notice of appeal on October 13, 2020.[2] On October 19, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> Did not the sentencing court violate the requirements of 42 Pa.C.S.[A.] § 9721(b) of the Sentencing Code which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the

---

[2] Monday October 12, 2020 was Columbus Day. **See** 1 Pa.C.S.A. § 1908 (explaining that whenever last day of filing deadline falls on Saturday or Sunday, or on any day made legal holiday, such day shall be omitted from computation).

defendant, as the [trial] court seemed to exclusively focus on [A]ppellant's criminal conduct rather than his rehabilitative needs, mitigating circumstances or mental health status?

Was not the [trial] court's sentence violative of the precepts of the Pennsylvania Sentencing Code, and contrary to the fundamental norms underlying the sentencing process, and therefore was it not manifestly unreasonable, excessive, and an abuse of discretion?

(Appellant's Brief at 4).

As a preliminary matter, we observe that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." **See** Pa.R.Crim.P. 720(A)(1); **see also Commonwealth v. Dreves**, 839 A.2d 1122, 1126 (Pa.Super. 2003). If a defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of the imposition of sentence. Pa.R.Crim.P. 720(A)(3). Additionally:

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing.[6] Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly. …
>
> > [6] The trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence. **See** 42 Pa.C.S.A. § 5505. …
>
> If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor

extended. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Dreves, supra*** at 1128-29.

Here, the court sentenced Appellant on August 14, 2020, but Appellant did not file his post-sentence motion until August 28, 2020, which was four days late. ***See*** Pa.R.Crim.P. 720(A)(1). On January 4, 2020, this court issued a rule to show cause why the appeal should not be quashed as untimely flied. Appellant filed a response, averring that on September 10, 2020, the trial court expressly permitted Appellant to file the post-sentence motion *nunc pro tunc*, but denied relief the same day. Appellant acknowledged that the trial court omitted language in its September 10, 2020 order expressly granting *nunc pro tunc* relief. Thereafter, Appellant said he orally asked the court to issue an amended order, correcting the omission in the September 10, 2020 order to make clear the court had expressly granted Appellant permission to file his post-sentence motion *nunc pro tunc*.

Our review of the record confirms that the court entered an amended order on October 13, 2020, correcting the omission in the September 10, 2020 order to clarify that the court had expressly permitted Appellant to file his post-sentence motion *nunc pro tunc*. Because the court expressly granted *nunc pro tunc* relief within 30 days of sentencing (by virtue of the corrected September 10, 2020 order), and Appellant timely filed his notice of appeal

within 30 days of the court's denial of relief on that date (excluding the weekends and the court holiday), we will treat the post-sentence motion and appeal as timely filed. *See Dreves, supra*.

Appellant argues that his sentence was excessive and an abuse of discretion where the court failed to give individualized consideration to Appellant's personal history, rehabilitative needs, and background, which included a low IQ and mental health issues. Additionally, Appellant asserts that his sentence was manifestly excessive where the court focused solely on Appellant's criminal conduct and did not adequately explain the reasoning for its sentence. As presented, Appellant's issues implicate the discretionary aspects of sentencing. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super. 2011) (explaining claim that court did not adequately consider rehabilitative needs implicates discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

What constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002).

This Court has stated:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the

- 6 -

aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted).

Further,

> "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors [generally] does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted).
>
> However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa.Super. 2014) (citing [***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009)]). In ***Commonwealth v. Dodge***, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. ***Dodge, supra*** at 1273.
>
> This Court has also held that "an excessive sentence claim— in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, [629] Pa. [636], 105 A.3d 736 (2014) (*quoting* ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.Super. 2005)).

***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa.Super. 2015).

Instantly, Appellant timely filed a notice of appeal, and preserved his sentencing claim in a timely filed post-sentence motion *nunc pro tunc* and in

a Rule 2119(f) statement. *See Evans, supra*. To the extent that Appellant's claim of an excessive sentence, in conjunction with his assertion that the court failed to consider mitigating factors, raises a substantial question (*see Caldwell, supra*; *Raven, supra*), we will address the appeal on the merits.

We observe that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*.

This Court has explained:

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the

court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. Where the sentencing court had the benefit of a pre-sentence investigation [("PSI")], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Here, Appellant's arguments do not warrant relief. The court imposed concurrent sentences of imprisonment, within the guidelines. (*See* N.T. Sentencing, 8/14/20, at 6, 38-40). The court noted:

The Commonwealth and [Appellant] agreed that the Offense Gravity Score for the highest graded offense, rape, was a 12 and [Appellant's] Prior Record Score was a 0, therefore the advisory sentencing guidelines recommend a sentence of 48-66 months, plus or minus 12 months. The trial court imposed a sentence of four to eight years of incarceration, followed by three years of probation…for the charge of rape, four to eight years for the charge of unlawful restraint, to run concurrent to the sentence or rape; four years of probation for the charge of corruption of a minor, to run consecutive to the sentence for rape; and four years of probation for the charge of indecent assault, to run concurrent to the sentence for a corruption of a minor.

- 9 -

> Thus, the result is an aggregate sentence of four to eight years, plus four years of probation.

(Trial Court Opinion, filed November 30, 2020, at 4-5) (internal record citations omitted).

The trial court further explained at sentencing that it considered: 1) the PSI report, including the sentencing guidelines; 2) the arguments of counsel; 3) the sentencing memorandum prepared by Appellant's counsel; 4) the gravity of the offense and the impact on the life of Victim and Victim's mother; 5) Victim's mother's victim impact statement; 6) the rehabilitative needs of Appellant; 7) Appellant's allocution; 8) Appellant's friends and family support at trial and at sentencing; and 9) the history and characteristics of Appellant. (N.T., 8/14/20, at 36-38). The trial court indicated its concern for Appellant's lack of remorse and insight into the suffering he had caused. (***Id.*** at 28-29).

The court acknowledged Appellant's cognitive deficits, but observed that he had already been through four juvenile placements, and still had difficulty with aggressive behavior and impulse control at age twenty-four. (***Id.*** at 30-33). Our review of the record confirms the court considered all relevant factors when fashioning Appellant's sentence. Under these circumstances, we see no reason to disrupt the court's sentencing rationale. ***See Shugars, supra***. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/10/2021</u>